## CONSOLIDATED ASSOCIATION *v.* HUGHES.

Defendant cannot crave oyer of the unmatured mortgage notes which are not described in the petition, and on which no judgment is asked, merely because the petition prayed that the property mortgaged might be sold on terms of credit corresponding to the maturity of the several notes.

A contract which is not in itself usurious, cannot be made so by the prayer of the plaintiff for usurious interest, when he seeks to enforce it.

The charter of the Consolidated Association makes *no provision for interest on the stock contributions*.

The fifth section of the Act of 1845, entitled " An Act amendatory of the several laws relative to the Citizens' Bank," etc., etc., which allows five per cent. interest upon arrearages of interest, applies to the Citizens' Bank.

APPEAL from the District Court of Monroe, *Barry*, J.

*McGuire & Ray*, for plaintiffs.  *Garrett*, for defendant and appellant.

BUCHANAN, J.  The first question raised by the defendant and appellant re-

lates to the correctness of the ruling of the District Court, refusing oyer of the notes of defendant for installments of her debt to plaintiff, not yet due. We think the District Court did not err. No judgment was asked for the amount of the notes not yet due, neither are those notes described in the petition as being held by plaintiffs. As regards those notes, the petition merely prayed that the property mortgaged might be sold on terms of credit corresponding to the maturity of the several notes, according to the contract. Under such a sale, the purchaser will, in effect, assume the obligations of defendant towards whoever may be the legal holder of each note at its maturity.

The defence pleaded to the action is usury. The suit grows out of a contract between the parties in 1848, by which the balance due at that time upon a stock loan, with accruing interest, was capitalized, and eighteen obligations of the defendant, maturing from year to year, from 1848 to 1865, inclusive, were accepted in payment, secured by mortgage. Each of these eighteen notes was made up of: first, an eighteenth part of the balance, as settled at the date of the contract, and, second, interest for one year on the whole amount of the balance remaining due at the maturity of the note.

The contract makes no stipulation for interest to be paid upon the several notes from maturity, but the petition asks for such interest, at the rate of seven per cent., and the judgment of the District Court is in accordance with this prayer. The counsel for appellant very correctly argues that, if the contract itself had stipulated for interest upon the prospective interest, such stipulation would have been void under the Article 1934 of the Civil Code, which declares. that any stipulation in the original contract, (or before interest has accrued,) allowing interest upon interest, is invalid. See also *Compton* v. *Compton,* 5 An., 619. But, although the contract is not defective in this respect, yet, it is urged, the plaintiffs are bound by their own construction of the contract, and as they claim interest upon interest, the contract upon which they found such a claim must be held to be tainted with usury. It may well admit of question, how far a man forfeits his legal right, by claiming more than his contract calls for. Thus the petition claims interest upon interest. But the contract does not warrant such a claim. The contract is silent upon the subject of interest after maturity of the installments respectively.

It was decided in the case of the same plaintiffs v. *Foucher,* 9 L. R., 478, and v. *Wilson,* decided at this term, that the parties are supposed to have contracted with reference to the provisions of their charter. And as the 11th fundamental rule, in the 12th section of the charter, allows eight per cent. interest on loans, we would see no impropriety in allowing eight per cent., the rate claimed, upon so much of the notes sued on, as represents the installments of the capital due per contract of 22d March, 1848, say $136 82 on each note, but the rate of interest allowed by the judgment of the District Court is only seven per cent., and the appellees have not brought themselves within the rule to have this portion of judgment amended in their favor.

As to the contributions of $60 per annum upon stock, the charter makes no provision for interest. Legal interest from judicial demand can only be allowed on this portion of the claim.

The plaintiffs claim in this court to amend the judgment, by correcting a clerical error, and by awarding them an additional sum for costs of protest. These amendments seem proper.

Our attention has also been called to the 5th section of an Act of 1845, (page 30,) as allowing five per cent. interest upon arrearages of interest. We think, with defendant's counsel, that the section in question only applies to the Citizens' Bank.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; that plaintiffs recover of defendant the sum of thirteen hundred and seventy-three dollars and forty-six cents, with interest at the rate of seven per cent. per annum, on $136 82 from 1st June, 1851, on $136 82 from 1st June, 1852, on $136 82 from 1st June, 1853, and on $136 82 from 1st June, 1854; and with legal interest of five per cent on sixty dollars from judicial demand, say, 26th April, 1852, on $60 from 1st June, 1852, on $60 from 1st June, 1853, on $60 from 1st June, 1854, and on $60 from 1st June, 1855, and also the costs of the District Court, except those of appeal; that the mortgages recited in the acts of 4th June, 1829, and 22d March, 1848, be recognized, and the property described in said mortgages seized and sold, without appraisement, for cash, to an amount sufficient to satisfy this judgment, and to satisfy the further sum of $242 17, amount of a note due 1st June, 1855, in the hands of whomsoever said note may be, together with the accruing interest on said note, according to the principles of this decree; and on terms of credit to meet the falling due of the following sums, viz:

$292 60, on the 1st of June, 1856,
 283 00,   "    "    "  1857,
 273 44,   "    "    "  1858,
 263 86,   "    "    "  1859,
 254 00,   "    "    "  1860,
 244 70,   "    "    "  1861,
 235 13,   "    "    "  1862,
 225 55,   "    "    "  1863,
 215 97,   "    "    "  1864,
 206 40,   "    "    "  1865,

with interest at seven per cent. on $136 82 of each payment, from due until paid, and at five per cent. on $60 of each, from due until paid; and that plaintiffs and appellees pay costs of appeal.